UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11290-EFH

DAVID EASLEY

v.

KATHLEEN DENNEHY, et al.

MEMORANDUM AND ORDER

June 21, 2005

ZOBEL, D.J.

Plaintiff states that he arrived at MCI Cedar Junction on April 26, 2005 and was placed on suicide watch after he cut his wrist and stated his intention to commit suicide. He complains that defendants, the Commissioner of Corrections and several employees at the prison, have withheld appropriate medication and then punished him when he involuntarily behaved in an out-sort manner. He also complains that prison personnel in charge of his care are inadequate to the task and that, as a result, he is being denied appropriate care. He seeks injunctive relief in the form of a transfer to a mental health facility.

Absent a statutory or constitutional right to be in a facility, a prisoner has no right to compel prison officials to effectuate a transfer to another facility, and there is no liberty interest or due process right to a prison transfer. See e.g., Burr v. Duckworth, 547 F. Supp. 192 (N.D. Ind. 1982), affirmed 746 F.2d 1482 (7th Cir. 1984); Nash v. Black, 781 F.2d 665 (8th Cir. 1986); Maxton v. Johnson, 488 F. Supp. 1030 (D.S.C. 1980).

And it is not clear from the complaint that Plaintiff can sufficiently demonstrate deliberate indifference to his personal safety and well-being, under an Eighth Amendment claim, as set forth in the seminal case of Farmer v. Brennan, 511 U.S. 825 (1994).  See, e.g., Dodson v. Reno, 958 F. Supp. 49 (D. Puerto Rico 1997) (prisoner asserting Bivens action not entitled to injunction to prevent officials from transferring him to segregated part of prison facility); See also; Ladetto v. Commissioner of Correction, 385 N.E. 2d 273 (Mass. App. 1979) (prisoner had no right to transfer to another facility offering drug treatment program); cf McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (prisoner had standing to challenge retaliatory transfer in § 1983 action).  Accordingly, the motion for an order to transfer plaintiff is denied.

There remain procedural infirmities which plaintiff must address.

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*).  Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration.  28 U.S.C. § 1915(a)(2).[1]

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status.  Rather, prisoner plaintiffs must pay the full amount of the filing fee,

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, Plaintiff has failed to either pay the $250.00 filing fee, or file a certified copy of his prison account balance for the six months preceding the Complaint, so that a determination can be made whether Plaintiff qualifies for *in forma pauperis* status. Accordingly, the Plaintiff is Ordered to either pay the $250.00 filing fee or, in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement showing prison account transactions for the six months prior to the date of the Complaint. The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order.

The Court will not authorize the issuance of summonses at this time, pending Plaintiff's compliance with this Memorandum and Order. If Plaintiff fails to submit a revised Application with his prison account statement, or fails to pay the filing fee, this action shall be dismissed without prejudice.

To the extent that the Superintendent or the Treasurer's Office at MCI Cedar Junction requires a Court Order to provide Plaintiff with his prison account statement, it is hereby ORDERED that:

> The Treasurer's Office at MCI Cedar Junction, or any other facility housing the Plaintiff David Easley shall, upon request by the Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding June 20, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 20, 2005.

A copy of this Memorandum and Order shall be sent to the Treasurer's Office at

3

MCI Cedar Junction.

The Clerk shall also forward to defendant Superintendent David Nolan a copy of the complaint and attached exhibits, as well as a copy of this Order; and, notwithstanding the rulings above, Mr. Nolan shall file a response to the motion by June 27, 2005.

|  |  |
|---|---|
| 6/21/05 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |