UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DAVID EASLEY.
    Plaintiff,

V.                                CIVIL ACTION No. 05-11290-EFH

KATHLEEN DENNEHY, et al
    Defendants.

PLAINTIFF'S MOTION FOR RECONSIDERATION AND
STAY OF FURTHER RULING ON PLAINTIFF REQUEST
FOR TEMPORARY ORDERS/PRELIMINARY INJUNCTION

Now comes Plaintiff David Easley ("Easley"), pro se and moves this Court for reconsideration and stay of further ruling his motion for preliminary injunction, reasons therefor:

(1) In light of the Supreme Court recent binding decision in Wilkson et al V. Austin, et al, 77 CrL. 305 ( June 15, 2005) wherein the Court held: "Inmates have a constitutionally protected liberty interest in avoiding assignment at OSP (i.e. Ohio State Penitentiary), such an interest may arise from state policies or regulations";

(2) Easley is a member of the above cited "Austin et al class" Id.at 308. See also 189 F.Supp. 2d 719 (N.D.Ohio 2002); 204 F.Supp. 2d 1024 (2002) and 372 F.3d 346, 356 (2004);

(3) Correction of clerical error and leave to amend motion for preliminary injunction and request for and

order requiring the clerk to transfer all papers filed in case number 05-11356-MEL to case number No. 05-11290-EFH, on grounds that said papers were mistakenly filed as a new complaint, when said papers, were intended for case number 05-11290-EFH and to be filed as amended requests for preliminary injunction and compliance with this Court's order of June 21, 2005 for a certified copy of Easley prison accounts; and

(4)  Defendants in direct violation of 103 CMR 478.11(2)(a-b); (4)(a) and (5) and the First, Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution and state laws and regulations are impeding Easley's access to the courts by refusing to provide Easley with access to Ohio state law collections; ink pen, writing paper, typing paper, envelopes, carbon paper, legal pad and other legal supplies needed to prosecute the instant litigation and his Ohio state criminal appeal, including the newly enacted promulgated regulations cited by the Supreme Court in <u>Wilkin et al v. Austin, et al</u>, supra.  **and refusing to provide Easley** with access to toilet and drinking water during his law library access periods and forcing Easley to defecate and urinate in his pants during his law library access periods and defendants non-confidential photocopy policy and compelling Easley to permit potential jailhouse informants and other prison employees to read and photocopy his confidential legal papers and medical records outside his presence.

(5)   This Court overlooked that plaintiff has a constitutional entitlement right to be provided with adequate care and treatment for his serious mental health needs.

(6)   This court overlooked that MCI-Cedar Junction discontinued plaintiff prescribed psychotropic medication (i.e. Zoloft) without a face-to-face evaluation and without having access to plaintiff mental records and history from the state of Ohio and that there is no trained psychiatric: (a) nurses; (b) social workers, or (c) psychiatric impatient treatment unit within MCI-Cedar Junction general population, and that MCI-Cedar Junction mental health treatment consist of confining plaintiff in a 24 hours per day segregation unit.

**Diagnosed with serious mental health needs**

Plaintiff 1983 while living in the city of Columbus, Ohio and at the age of eight, was diagnosed by the experts at Children Hospital, Columbus, Ohio as suffering from depression after having overdose. Psychotropic medication was prescribed.

In 1994 plaintiff while confined in the Franklin County Jail in Columbus, Ohio, attempted suicide. Psychotropic medication was prescribed.

In 1995 Madison Correctional Facility transferred plaintiff to Warren Correctional Facility for mental health treatment. Psychotropic medication prescribed. In January 1996 plaintiff was transferred to Southern Ohio Correctional Facility at Lucasville for inpatient residential treatment. Psychotropic medication prescribed. In February 2001 SOCF diagnosed with suffering from involuntary impilse control. psychotropic medication prescribed.

**Transferred from Ohio State mental hospital to MCI-Cedar Junction**

In November, 1994 plaintiff David Easley ("Easley") was convicted and sentence to the Ohio Department of Rehabilitation and Correction ("ODRC"). In January, 1995 Easley officially entered ODRC. Shortly thereafter, ODRC transferred Easley to Madison Correctional Facility ("MCF"). MCF lacked adequate mental health facility for treating Easley mental health issues and thereafter transferred Easley to the Warren Correctional Facility ("WCF") for medical reasons.

In January, 1996 WCF transferred Easley to Southern Ohio Correctional Facility in Lucasville ("SOCF") without notice hearing or reason. While at SOCF Easley was diagnosed as suffering from mental illness and was prescribed eleveal anti-depressant for 30 days.

In May, 1998 Easley was moved from SOCF to the Ohio State Penitentiary ("OSP") and while at OSP Easley was prescribed psychotropic drugs. Easley was transferred to OSP without notice or hearing.

In October, 2000 Easley was transferred to Residential Treatment Unit at SOCF-Lucasville for mental health treatment.

On or about November, 2000 Easley was transferred to OSP without notice or hearing. In February, 2001 Easley was transferred to the Residential Treatment Unit at SOCF-Lucasville ("RTU") for mental health treatment.

In February, 2002 OSP was enjoined from confining prisoners in need of serious mental health treatment, including Easley. On or about February, 2002 OSP transferred all mentally ill prisoners, including Easley to Oakwood Correctional Facility ("OWCF") for inpatient psychiatric treatment. Upon his arrival at OWCF Easley was diagnosed as suffering from "Bipolar". A psychotropic medication (i.e. Zoloft) was presecribed.

On or about May, 2002 Easley was transferred to the Residential Treament Unit ("RTU") at OSP. Psychotropic medication continued.

On or about August, 2003 Easley was returned to OWCF for further psychiatric treatment. Psychotropic medication prescribed

On or about November, 2003 Easley was diagnosed "psychotic" and psychotropic medication prescribed (i.e. Zyprex and Zoloft).

On or about December, 2003 Easley was transferred from to OWCF to SOCF Institutional mental health treatment unit ("IMHTU"). Psychotropic medication prescribed.

January, 2004 IMHTU diagnosed Easley as having an anti-social personality and suffering from depression and prescribed Zoloft and Trazadone.

On April 26, 2005 Easley was moved from the IMHTU and transferred to the general population of the Massachusetts State Prison at Cedar Junction ("CJ"). Upon his arrival at CJ defendants immediately confined Easley in a segregation cell under 24 hours per day cell restriction. Defendants so-called expert without a face-to-face evaluation discontinued Easley's prescribed psychotropic medication (i.e. "Zoloft").

Easley's prescribed medication--zoloft controlled his behavior. The sudden withdrawal caused Easley to act out.

Rather than provide Easley with his prescribed psychotropic medication (i.e. zoloft) or transfer Easley to an adequate psychiatric facility for adequate psychiatric care, defendants placed Easley in a locked cell on mental health watch.  While confined in this cell without his prescribed Zoloft, Easley begin to feel anxious, tense and like he was about to explode, and complained to defendants and requested his Zoloft, defendants ignored Easley's requests.

CJ does not have trained psychiatric nurses or social workers and defendants told Easley that his prescribed medication Zoloft was not allowed in MCI-Cedar Junction.

On April 27, 2005 defendants denied Easley requests to be provide his prescribed Zoloft or transfer him to a mental health care facility.

On April 28, 2005 Easley involuntarly behaved in an out-sort manner and destroyed state property.

From April 26, 2005 through the present the defendants have refused to provide Easley with his prescribed medication Zoloft an adequate menatl health treatment.

Defendants denied Easley's requests to be returned to Ohio or a Massachusetts psychiatric care facility where he can recieve adequate mental health care.

Additionally, defendants refuses to provide Easley with access to a toilet, toilet paper, soap and water while accessing the law library and this denial has resulted in Easley defecating

7

and urinating in his pants without means to clean himself. Easley complains to defendants Nolan have all been ignored.

Finally defendants refuses to provide Easley with access to the State of Ohio law collection, Massachusetts promulgated regulations related to mental health treatment, confiednetial photocopy of his medical and legal papers, ink pen, writing paper, envelopes and other legal material needed for prosecuting the instant lawsuit and his criminal appeal in Ohio and the defendants have taken retaliatory action against Easley for complaining and seeking redress in this court by harrassing and writing false disciplinary reports and locking him up.

ARGUMENT

I. THIS COURT OVERLOOKED THAT EASLEY HAS A CONSTITUTIONAL RIGHT TO ADEQUATE CARE FOR HIS SERIOUS MENTAL HEALTH ISSUES AND NEEDS

Denial of adequate care for serious mental health needs may constitute deliberate indifference. Waldrop v. Evans, 871 F. 2d 1030, 1033 ( 11 Cir. 1989); Langley v. Coughlin, 888 F.2d 252, 254 ( 2 Cir. 1989).

Tillery v. Owens, 719 F. Supp. 1256, 1286 (W.D.PA. 1989) aff'd 907 F. 2d 418 ( 3 Cir.1990) "Serious mental illness as one that has caused significant disruption in an inmate's everyday life and which prevents his functioning in general population without disturbing or endangering others or himself".

It is undisputed that Easley has a documented serious mental health needs. And the defendants are denying Easley adequate care for his serious mental health needs.

II. THIS COURT OVERLOOKED THAT IT IS UNCONSTITUTIONAL TO MIX MENTALLY ILL PRISONERS WITH NONE MENTALLY ILL PRISONERS

Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556,560-561 ( 1 Cir. 1988) "tranferring a mentally ill inmate to general population in a crowded jail with no psychiatric facilities constituted deliberate indifference".

Demallory v. Cullen, 855 F.2d 442, 444-445 ( 7 Cir. 1998). "allegation that mentally ill inmates were knowongly housed with non-mentally prisoners in a high security unit and that they caused fiflty and dangerous conditions stated an eighth amendment claim".

Casey v. Lewis, 834 F. Supp. 1477, 1549 (D.Ariz.1993) "defendants also inappropriately house self-abusive inmates in SMU, despite their knowledge that SMU is not suitable for self-abusive inmates".

"This use of lockdown as an alternative to mental health care for inmates with serious mental illness clearly rises to the level of deliberate indifference to the serious mental health needs of the inmate and violates their constitutional rights to be free from cruel and unusual punishment". Id at 1549.

Thus, contrary to this court ruling that Easley does not have a "right to compel prison officials to effectuate a transfer to another facility", Easley explicitly have a right to adequate care for his serious mental health needs, including the right to compel the defendants to transfer him to another facility so that he may receive adequate care for his serious

mental health needs. See attached Exhibit "A".

Accordingly, this court should vacate and set aside the denial of Easley's motion for a preliminary injunction and thereafter order defendants: (a) To provide Easley with adequate care for his serious mental health needs, including his pre-prescribed psychotropic medication--Zoloft, within MCI-Cedar Junction or return Easley to Oakwood Correctional Facility in the State of Ohio for psychiatric care, or transfer Easley to a Massachusetts Department of Correction facility wherein he may receive adequate care for his serious mental health needs; (b) Defendants to comply with 105 CMR 451.109 through 125 and provide Easley with access at all times to a toilet, toilet paper, saop and drinking water while Easley is exercising his First amendment rights and present in the prison law library, without requiring Easley to waive his right to access the prison law library; and (c) Requiring defendants to provide Easley with as needed ink pen, writing paper, envelopes (ç10 and 10x 13); typing paper, confidential photocopy service (i.e. medical and legal papers); access to any needed Ohio state law collection and regulations or policies, photocopy of needed case law and Massachusetts regulations related to the Department of Correction and mental health treatment within the DOC.

PURSUANT TO 28 USC Section 1746 I declare under penalties of perjury that the foregoing is true and correct.
July 18, 2005

*David Easley* (signature)
David Easley
Box 100
South Walpole, MA 02071